Jeffrey Pope, WSB No. 7-4859
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
Cheyenne, Wyoming 82001
Phone: 307.778.4223
Email: jspope@hollandhart.com

Grant J. Ankrom (admitted *pro hac vice*)
Michael E. Harriss (admitted *pro hac vice*)
DENTONS US LLP
101 S. Hanley Road, Suite 600
St. Louis, Missouri 63105
Phone: 314.241.1800
Email: grant.ankrom@dentons.com
       michael.harriss@dentons.com

Deborah H. Renner (admitted *pro hac vice*)
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Phone: 212.768.6700
Email: deborah.renner@dentons.com

Abigail M. Dockum (admitted *pro hac vice*)
DENTONS US LLP
2398 E. Camelback Road, Suite 850
Phoenix, Arizona 85016
Phone: 602.508.3900
Email: abby.dockum@dentons.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| GARY VENTLING, in his own right and as a representative of a class of persons similarly situated,<br><br>               Plaintiff,<br>  v.<br><br>ROUNDPOINT MORTGAGE SERVICING LLC,<br><br>               Defendant. | Case No. 1:24-cv-158-SWS |

**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant RoundPoint Mortgage Servicing LLC ("Defendant" or "RoundPoint"), by and through counsel undersigned, hereby responds to Plaintiffs' Class Action Complaint as follows:

1. RoundPoint admits that it is a mortgage loan servicer. RoundPoint denies all remaining allegations in Paragraph 1 and expressly denies the allegation that it unfairly, unreasonably, and unlawfully services loans.

1

2. RoundPoint admits that Plaintiff sent letters to RoundPoint before bringing this suit but expressly denies that it failed to respond or refused to investigate the alleged errors. Further answering, RoundPoint admits that Plaintiff has filed a complaint on behalf of himself and a putative class, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations in Paragraph 2.

### Jurisdiction and Parties

3. RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 and therefore denies them.

4. RoundPoint admits the allegations in Paragraph 4.

5. The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 7.

### Facts

*Overview of RoundPoint and the Uniform Residential Mortgages It Services*

8. RoundPoint admits the allegations in Paragraph 8.

9. RoundPoint admits that it enters into service agreements with various parties and states that any "agreements" speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 10.

11. RoundPoint states that the mortgages RoundPoint services speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 11.

12. RoundPoint states that the Uniform Mortgages speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 12.

*RoundPoint fails to credit Mr. Ventling's timely-made payments*

13. RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and therefore denies them.

14. RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and therefore denies them.

15. RoundPoint states that Plaintiff's Note, as well as all Uniform Mortgages and Notes, speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 15.

16. RoundPoint states that Plaintiff's Uniform Mortgage speaks for itself and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 16.

17. RoundPoint admits the allegations of Paragraph 17.

18. The allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 18.

19. RoundPoint states that Plaintiff's Uniform Mortgage speaks for itself and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 19.

20. RoundPoint admits the allegations in Paragraph 20.

21. RoundPoint states that Plaintiff's billing statements and RoundPoint's website speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 21.

22. RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and therefore denies them.

23. RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and therefore denies them.

24. RoundPoint admits that Mr. Ventling's checks have been in the amount of $2,810.00 and that his required monthly payment is $2,805.12. Except as so stated, RoundPoint denies the allegations in Paragraph 24.

25. RoundPoint states that the mortgages it services speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 25.

26. RoundPoint states that the mortgages it services speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 26.

27. RoundPoint states that its policies speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 27.

28. RoundPoint denies the allegations in Paragraph 28.

29. RoundPoint admits that it charged Plaintiff fees for late payments on several occasions but expressly denies that it received those payments before the end of the grace period. Except as so stated, RoundPoint denies the allegations in Paragraph 29.

30. RoundPoint admits that it assessed a $140.26 late fee to Plaintiff's account on June 20, 2023 and that it credited a payment to Plaintiff's account on June 22, 2023 with an effective date of June 21, 2023. Further answering, RoundPoint lacks sufficient knowledge or information to admit or deny what Plaintiff's USPS receipts reflect and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 30.

31. RoundPoint admits the allegations in Paragraph 31.

32. RoundPoint admits that it assessed a $140.26 late fee to Plaintiff's account on August 17, 2023 and that it credited a payment to Plaintiff's account on August 21, 2023 with an effective date of August 18, 2023. Further answering, RoundPoint lacks sufficient knowledge or

information to admit or deny what Plaintiff's USPS receipts reflect and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 32.

33. RoundPoint admits that it assessed a $140.26 late fee to Plaintiff's account on October 17, 2023 and that it credited a payment to Plaintiff's account on October 27, 2023 with an effective date of October 26, 2023. Further answering, RoundPoint lacks sufficient knowledge or information to admit or deny what Plaintiff's USPS receipts reflect and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 33.

34. RoundPoint admits that it credited $4.88 to Plaintiff's fee balance on October 27, 2023. Except as so stated, RoundPoint denies the allegations in Paragraph 34.

35. RoundPoint admits that it assessed a $140.26 late fee to Plaintiff's account on November 17, 2023 and that it credited a payment to Plaintiff's account on November 22, 2023 with an effective date of November 21, 2023. Further answering, RoundPoint lacks sufficient knowledge or information to admit or deny what Plaintiff's USPS receipts reflect and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 35.

36. RoundPoint admits that it credited $4.88 to Plaintiff's fee balance on November 22, 2023. Except as so stated, RoundPoint denies the allegations in Paragraph 36.

37. RoundPoint admits that it credited a payment to Plaintiff's account on December 19, 2023 with an effective date of December 17, 2023. RoundPoint further admits that it assessed a $140.26 late fee to Plaintiff's account on December 18, 2023 and affirmatively states that the late fee was reversed on December 19, 2023. Further answering, RoundPoint lacks sufficient knowledge or information to admit or deny what Plaintiff's USPS receipts reflect and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 37.

38. RoundPoint admits that it credited $4.88 to Plaintiff's fee balance on December 19, 2023. Except as so stated, RoundPoint denies the allegations in Paragraph 38.

39. RoundPoint admits that it assessed a $140.26 late fee to Plaintiff's account on January 17, 2024 and that it credited a payment to Plaintiff's account on January 19, 2024 with an effective date of January 18, 2024. Further answering, RoundPoint lacks sufficient knowledge or

information to admit or deny what Plaintiff's records reflect and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 39.

40. RoundPoint admits that it credited $4.88 to Plaintiff's fee balance on January 19, 2024. Except as so stated, RoundPoint denies the allegations in Paragraph 40.

41. RoundPoint admits that Plaintiff's account had a fee balance of $411.02 as of February 1, 2024 and that it credited $4.88 to Plaintiff's fee balance on February 20, 2024. Except as so stated, RoundPoint denies the allegations in Paragraph 41.

42. RoundPoint admits that it credited $4.88 to Plaintiff's fee balance on March 12, 2024. Except as so stated, RoundPoint denies the allegations in Paragraph 42.

43. RoundPoint admits that it credited $4.88 to Plaintiff's fee balance on April 15, 2024. Except as so stated, RoundPoint denies the allegations in Paragraph 43.

44. RoundPoint admits that Plaintiff's account had a fee balance of $396.38 as of May 7, 2024. Except as so stated, RoundPoint denies the allegations in Paragraph 44.

45. RoundPoint denies the allegations in Paragraph 45.

46. RoundPoint denies the allegations in Paragraph 46.

***Mr. Ventling's QWRs under RESPA and RoundPoint's Late and Insufficient Responses***

47. RoundPoint admits that Plaintiff made multiple phone calls and sent multiple letters to RoundPoint, but expressly denies that it made any servicing errors. Except as so stated, RoundPoint denies the allegations in Paragraph 47.

48. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. Further, the allegations in Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 48.

49. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. Further, the allegations in Paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 49.

34214221_v1

50. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. Further, the allegations in Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 50.

51. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. Further, the allegations in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 51.

52. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. Further, the allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 52.

53. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 53.

54. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint states that Plaintiff's March 21, 2024 letter speaks for itself and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 54.

55. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint states that Plaintiff's letters speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 55.

56. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint admits that it sent Plaintiff letters on March 28, April 2, and April 11, 2024. RoundPoint states that its letters

speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 56.

57.  Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 and therefore denies the same.

58.  Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 and therefore denies the same.

59.  Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint lacks sufficient knowledge or information to admit or deny when Plaintiff received mail from RoundPoint and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 59.

60.  Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 and therefore denies the same.

61.  Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 and therefore denies the same.

62.  Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 62.

34214221_v1

63. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint states that its letters and the attachments thereto speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 63.

64. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint states that its letters and the attachments thereto speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 64.

65. Plaintiff's RESPA claim was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required. To the extent a response is required, RoundPoint states that its letters and the attachments thereto speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 66.

67. RoundPoint denies the allegations in Paragraph 67.

68. RoundPoint denies the allegations in Paragraph 68.

**Class Allegations**

69. RoundPoint admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, RoundPoint denies the allegations in Paragraph 69.

70. RoundPoint admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly

maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, RoundPoint denies the allegations in Paragraph 70.

71. The allegations in Paragraph 71 were stricken by the Court's January 30, 2025 Order. To the extent a response is required, RoundPoint denies the allegations in Paragraph 71.

72. RoundPoint admits that it has corporate policies and procedures regarding the collection of debts. RoundPoint states that its policies and procedures speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 72.

73. RoundPoint denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 79.

80. The allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 80.

81. The allegations in Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 81.

82. The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 82.

83. The allegations in Paragraph 83 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 83.

84. The allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 84.

85. The allegations in Paragraph 85 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 85.

86. The allegations in Paragraph 86 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint admits that it maintains computerized individual account information. Further answering, RoundPoint lacks sufficient knowledge or information to admit or deny whether Plaintiff is unaware of any other litigation concerning this controversy and therefore denies the same. Except as so stated, RoundPoint denies the allegations in Paragraph 86.

87. The allegations in Paragraph 87 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 87.

**Claims**

**Count I – Violation of the Real Estate Settlement Procedures Act**
**Individually and on Behalf of the RESPA Class**

88. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

89. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

90. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

91. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

92. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

93. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

94. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

95. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

96. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

97. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

98. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

99. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

100. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

101. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

102. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

103. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

104. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

105. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

34214221_v1

106. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

107. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

108. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

109. Count I was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

**Count II – Violation of the Wyoming Consumer Protection Act**
**Individually and On Behalf of the Wyoming Subclass**

110. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

111. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

112. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

113. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

114. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

115. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

116. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

117. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

34214221_v1

118. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

119. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

120. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

121. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

122. Count II was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

### Count III – Breach of Contract
### Individually and On Behalf of the Nationwide Class

123. RoundPoint restates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

124. RoundPoint states that Plaintiff's mortgage loan agreement speaks for itself and denies any characterization or interpretation inconsistent therewith. To the extent the allegations in Paragraph 124 are legal conclusions, no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 124.

125. The allegations in Paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, RoundPoint denies the allegations in Paragraph 125.

126. RoundPoint states that Plaintiff's mortgage speaks for itself and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 126.

127. RoundPoint denies the allegations in Paragraph 127.

128. RoundPoint denies the allegations in Paragraph 128.

34214221_v1

129. RoundPoint states that the contracts it services speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, RoundPoint denies the allegations in Paragraph 129.

130. RoundPoint denies the allegations in Paragraph 130.

### Count IV – Conversion
### Individually and On Behalf of the Nationwide Class

131. Count IV was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

132. Count IV was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

133. Count IV was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

### Count V – Unjust Enrichment
### Individually and On Behalf of the Nationwide Class

134. Count V was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

135. Count V was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

136. Count V was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

137. Count V was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

138. Count V was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

139. Count V was dismissed by the Court's January 30, 2025 Order. Therefore, no response is required.

## DEMAND FOR RELIEF

Defendant denies the allegations contained in the "Demand for Relief" including all subparts, denies that this action may be maintained as a class action on behalf of the proposed class and/or subclass or otherwise, and denies that Plaintiff or the proposed class is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

RoundPoint sets forth its affirmative defenses below. By setting forth these affirmative defenses, RoundPoint does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## AGAINST NAMED PLAINTIFF

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because he suffered no cognizable injury or recoverable damages as a result of Defendant's conduct.

3. Plaintiff lacks standing to sue Defendant.

4. Plaintiff is not entitled to damages or restitution because he suffered no loss of money or property or injury in fact as a result of Defendant's conduct.

5. Plaintiff's claims are barred in whole or in part by the fact that he would be unjustly enriched were he to recover any sum of money.

6. Plaintiffs' claims are barred in whole or in part because the Defendant's alleged conduct in the Complaint complies with applicable laws.

7. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

8. Plaintiff's claims are barred in whole or in part because Defendant acted in good faith at all times.

34214221_v1

9. Plaintiff's claims are barred in whole or in part because he did not comply with a contractual notice requirement.

10. Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate any loss, damage, or injury.

11. Plaintiff's claims are barred in whole or in part by his own conduct.

12. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**SEPARATE & ADDITIONAL DEFENSES AGAINST PUTATIVE CLASS MEMBERS**

RoundPoint maintains that class certification is inappropriate in this case. Nevertheless, were the Court to certify a class, Defendant would have defenses against putative class members. The identity of any putative class member is unknown, and Defendant denies that a class can be ascertained or identified. Thus, Defendant asserts the following defenses on information and belief:

1. One or more of the putative class members' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

2. One or more of the putative class members lack standing to sue Defendant.

3. One or more of the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

4. One or more of the putative class members' claims fail because they suffered no cognizable injury as a result of Defendant's conduct.

5. One or more of the putative class members are not entitled to damages or restitution because they did not suffer an injury in fact caused by Defendant.

6. One or more of the putative class members' claims are barred in whole or in part by the fact that they would be unjustly enriched were they to recover any sum of money.

7. One or more of the putative class members' claims are barred in whole or in part because the conduct alleged in the Complaint complies with applicable laws.

8. One or more of the putative class members' claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

9. One or more of the putative class members' claims are barred in whole or in part because Defendant acted in good faith at all times.

10. One or more of the putative class members' claims are barred in whole or in part because they did not comply with a contractual notice requirement.

11. One or more of the putative class members' claims are barred in whole or in part because they failed to mitigate any loss, damage, or injury.

12. One or more of the putative class members' claims are barred in whole or in part by their own conduct.

13. One or more of the putative class members' claims are barred in whole or in part by the doctrine of unclean hands.

14. One or more of the putative class members are not similarly situated to Plaintiff.

15. The proposed class does not meet the requirements of Fed. R. Civ. P. 23.

16. The proposed class does not meet the numerosity requirement of Fed. R. Civ. P. 23.

17. Plaintiff's claims are not typical of the claims of the putative class.

18. Plaintiff's proposed class definition is overbroad.

19. Plaintiff will not fairly and adequately protect the interests of the putative class.

20. Plaintiff's Complaint fails to identify an ascertainable and identifiable class.

21. Plaintiff's Complaint fails to identify a manageable class.

22. Plaintiff's Complaint fails to present common questions that predominate over individualized questions.

23. A class action is not a superior mechanism to resolve any disputes in this case.

24. There is no basis for resolution of this action under Fed. R. Civ. P. 23(c) and any such resolution would violate the Seventh Amendment of the United States Constitution.

25. Plaintiff's Complaint fails to raise common questions capable of generating common answers that will drive the resolution of the case.

34214221_v1

## ADDITIONAL DEFENSES & RESERVATION OF RIGHTS

Defendant reserves the right to assert such additional defenses as may become apparent during the course of discovery in this action.

Dated this 13th day of February, 2025.

HOLLAND & HART LLP

/s/ Jeffrey Pope
Jeffrey Pope, WSB No. 7-4859
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
Cheyenne, Wyoming 82001
Phone: 307.778.4223
Email:    jspope@hollandhart.com

-and -

DENTONS US LLP

/s/ Deborah H. Renner
Deborah H. Renner, (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Phone: 212.768.6700
Email: deborah.renner@dentons.com


Grant J. Ankrom, (admitted *pro hac vice*)
Michael E. Harriss, (admitted *pro hac vice*)
101 S. Hanley Rd., Suite 600
St. Louis, MO 63105
Phone: 314.241.1800
Email: grant.ankrom@dentons.com
          michael.harriss@dentons.com

Abigail M. Dockum, (admitted *pro hac vice*)
2398 E. Camelback Road, Suite 850
Phoenix, AZ 85016
Phone: 602.508.3900
Email: abby.dockum@dentons.com

*Counsel for Defendant RoundPoint Mortgage Servicing LLC*